OPINION of the Court, by
Ch. J. Boyle.
— -A writ of fieri facias was issued from the Mercer circuit Court, at the suit of James Speed and James Calvin, executors of Samuel Lawrence, deceased, for £. 119 is. lid. With interest from the 19th of August, 1798, till paid, and fifteen dollars costs, tobe levied of the estate of William Crow, and of David Lawrence, deceased, the hands of William Crow and John Lawrence, his administrators-, This execution was directed to the shetiff of Mercer county, and put into the hands of his deputy, who by virtue thereof seized four negroes, to wit, Joseph, M'lly, Ruth and David, of the estate of *402 David Lawrence, deceased, and sold the same at public auction in the town of Danville,
In general che álierifí ought to ieil property je-parately and not in gross, vyhere it is divifible or in parcels ; to this rule however, the íale of a negro woman and her Child is a proper exception.
Joseph and Milly were first severally sold, the former at the price of® 115 50 cents, and the latter for S' 093. There still remaining between 250 and g 300 of the execution unsatisfied, the sheriff sold Ruth, aud David her son, between two and three years old, in one lot at the price of S 4*00, The sale was advertised at the courthouse door ; but it does not appear that ail advertisement was set up any where else in the county. The defendants in the execution however had seen the aclver • tisement, and the sales seem to have been effected at a fair price. No fraud is imputed either to the sheriff or the purchase) s. At the next term of the coiut ahei the sale, the defendants in the execution moved the court to quash the sale, having previously given notice for that purpose, but the court overruled the motion and gave judgment against the defendants ; to which they have prosecuted this writ of error.
It is contended in the first place, that the sale is wholly void and ought to have been quashed, because the sheriff failed to advertise agreeably to law ; and in the second place, if the sale be not wholly void, that it is so at least so far as respects Ruth and David, because they were sold together, whereas they ought to have been sold separately, and because the sale of both was not necessary to make the money then due on the execution.
As to the first point, it cannot be controverted that, the sheriff has not acted in strict conformity to law. The 15th section of the act of 1796, concerning executions, requires the sheriff to give notice of the time and place of sale, by advertising “ at the court-house door, and at the meeting-house door, and most public places within the county.” This section however is silent with respect to the consequence of a failure on the part ot the sheriff to comply with its requisitions, nor is there any statutory prov ision on this subject. Whether therefore it should have the effect of avoiding the sale or net, is left to be decided according to the general rules of propriety and the dictates of sound policy.
It is obvious, that in the several acts prescribing the duties of sheriffs with relation to executions, there are many provisions which are merely directory to the sheriff, aud a failure to comply with which, though it might *403 render him liable to the extent of the injury produced by such failue, would not vitiate the sale made under the execution. Thus for example, the law requires that the sheriff shall endorse on the execution the time when it came to his hands ; yet no one will contend that a sale made under an execution where the sheriff fails to make such endorsement, would be void on that account. Other examples of a similar nature might be given, but they will readily occur to those who will take the trouble to reflect upon the subject.
Such we think is the construction which justice and good policy require to be given to the provision which prescribes the manner of advertising the sale of property taken under execution. Under this construction, if the sheriff fail to give the notice required by law, and any sacrifice of the property should be produced by such failure, the owner would have a remedy against the sheriff adequate to the injury he had sustained, and no injustice would be ultimately done. But if a failure of the sheriff to give the requisite notice were to have the effect of vitiating the sale, the object of the law in requiring notice might be defeated, and the property sacrificed without a possibility of a remedy. For it is evident that those who might be disposed to purchase under an execution, would seldom have it ire their power to know that due notice had been given, though such might be the fact ; and few men, without such a knowledge, would be disposed to hazard anv thing like a fair price for the property. But even if it should happen that those who were inclined to purchase should ■know that the sale had been legally advertised, they would nevertheless be deterred from bidding a full price, if they might afterwards be called upon to establish the legality of the notice or surrender the property they had purchased. Thus the object of the law might be defeated, and the property sacrificed, althqugh the sheriff had done his duty ; and in such a case the owner of the property would be without remedy. Whether therefore we regard the interest of the purchaser or that of the owner of the property, it is equally expedient that the sale should not be deemed void for the want of legal notice. Where the sheriff has failed to give legal notice of the sale through fraud, of which the purchaser had knowledge, the sale would without doubt *404 %e VitkttJs and might be set aside ; for fraud and collusion would be sufficient to authorise the rescission of a contract of this sort, as welt as of any other. But in this case neither the sheriff nor purchasers are charged with fraud.
As to the second point, it cannot be denied to be in general true that it is the duty of the sheriff to sell separately property which is divisible in its nature, and that he would be responsible for any injury done by a violation of his duty in this respect ; and cases may be imagined where the transaction would manifest such gross fraud that the purchaser could not but be cognuzant of it. In such cases the sale itself would be void and might be set aside. But the present case does not appear to be of that description. The mother and child were indeed physically divisible, but morally they were not sp ; and the sheriff in selling them together certainly acted in conformity to the dictates of humanity, ani probably in pursuance of the interest of the owner. If the child had been sold separately from its mother, it is pretty certain its value would have been greativ diminished, and most unquestionably would not have satis fied the execution. It would in that case have still been the indispensable duty of the sheriff to have sold the mother : if the mother had been first sold, it is not ina probable that her value might have been lessened in the estimation of purchasers, and we cannot tell with cei-tainty that she would have commanded a price that would have been sufficient to satisfy the execution. Consequently we cannot say that the sheriff has exceeded his authority in selling both, and where it is not clear that the sheriff has exceeded his authority or grossly abused it,*we ought not to set aside the sale upon motion, but leave the party to his remedy by action.
Judgment affirmed with costs.